# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| KRISTI C. JACKSON, | : | |
| Plaintiff, | : | Civil Action File |
| | : | |
| vs. | : | No. _____ |
| | : | |
| JESSICA A. SKAMARYCZ, individually; and STACY W. ADAMS, individually, | : | |
| Defendants. | : | |

## COMPLAINT

1. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983 for Defendants' violation of the rights and privileges afforded Plaintiff by the Fourth Amendment to the United States Constitution and under O.C.G.A §51-7-1, O.C.G.A. §51-7-20, and O.C.G.A. §51-12-4, when, acting under color of law and without a warrant or probable cause or even arguable probable cause, Defendants unlawfully arrested and detained Plaintiff Kristi C. Jackson following an improper traffic stop.

### The Parties, Jurisdiction & Venue

2. Plaintiff Kristi C. Jackson is a citizen and resident of Hart County, Georgia.

3. Defendant Jessica A. Skamarycz ("Skamarycz") is a citizen and resident of Columbia County, Georgia.

4. Defendant Skamarycz is sued in her individual capacity.

5. Defendant Skamarycz is subject to the jurisdiction of this Court.

6. Defendant Stacy W. Adams ("Adams") is a citizen and resident of Franklin County, Georgia.

7. Defendant Adams is sued in his individual capacity.

8. Defendant Adams is subject to the jurisdiction of this Court.

9. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under the Constitution and laws of the United States.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) as the claims are so related to the claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that all Defendants reside in this judicial district and the events and/or omissions giving rise to this claim occurred in this district.

## Facts

12. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

13. On July 18, 2021, Defendant Skamarycz was an Officer with the Hartwell Police Department.

14. On July 18, 2021, Defendant Adams was an Officer with the Hartwell Police Department.

15. At all times alleged, Defendants were acting under color of law.

16. On July 18, 2021, at approximately 11:20 AM, Plaintiff Jackson was traveling on Forest Creek Circle in Hartwell, Georgia.

17. At approximately 11:21 A.M., Defendant Skamarycz, acting under color of law, stopped Plaintiff's vehicle.

18. Defendant Skamarycz stopped Plaintiff after alleging that she failed to stop at a stop sign, which was not true.

19. Defendant Skamarycz then approached Plaintiff and requested that Plaintiff produce her driver's license.

20. Defendant Skamarycz began to speak with Plaintiff in an aggressive manner concerning why Plaintiff had been stopped.

21. Around this time, Defendant Adams began to approach Plaintiff's vehicle.

22. Defendant Skamarycz then relayed the situation to Defendant Adams before reapproaching Plaintiff.

23. Defendant Skamarycz then again requested that Plaintiff produce her driver's license.

24. Defendant Skamarycz also requested that Plaintiff exit her vehicle.

25. Plaintiff complied with the requests.

26. Defendant Skamarycz entered her vehicle to check the status of Plaintiff's insurance.

27. Defendant Adams simultaneously began speaking with Plaintiff, claiming that the vehicle was not properly registered.

28. Defendant Skamarycz reapproached Plaintiff and began requesting proof of insurance.

29. Plaintiff then found proof of insurance on her phone and attempted to show the information to Defendants.

30. Defendant Skamarycz began moving towards Plaintiff before instructing Plaintiff to "get that [the phone] out of my face."

31. Defendant Skamarycz refused to view the proof of insurance and began walking back to the patrol vehicle.

32. Plaintiff then approached Defendant Adams with the proof of insurance.

33. At the same time, Defendant Skamarycz began writing citations concerning Plaintiff's alleged lack of insurance status.

34. Plaintiff attempted to explain and prove to Defendants that her vehicle was properly registered and insured, despite the claim of Defendants.

35. Defendant Skamarycz exited the patrol vehicle and began reapproaching Plaintiff's vehicle.

36. Plaintiff, in accordance with the rights and privileges afforded her by the First and Fifth Amendments to the United States Constitution, declined to speak further to Defendant Skamarycz without an attorney present and relayed this information to Defendant Adams.

37. Defendant Adams incorrectly stated that Plaintiff's vehicle lacked valid insurance.

38. Defendant Skamarycz once again approached her vehicle to finish writing a citation.

39. At the same time, Defendant Skamarycz requested via radio for Plaintiff's vehicle to be towed and then impounded.

40. After she finished writing the citation, Defendant Skamarycz asked Plaintiff to remove her belongings from the vehicle so that it could be towed and then impounded.

41. Plaintiff explained that she had shown proof of insurance to Defendant Adams multiple times.

42. Defendant Adams confirmed that he had seen a screenshot of the insurance coverage on Plaintiff's vehicle.

43. Defendants continued to refuse to acknowledge Plaintiff's valid proof of insurance.

44. Defendant Skamarycz then stated to Plaintiff, "We can talk about this in court" and refused to allow Plaintiff to explain the circumstances further.

45. Defendant Skamarycz then requested that Plaintiff "Put your hands behind your back" when Plaintiff began showing frustration.

46. Plaintiff complied with Defendant Skamarycz's request.

47. Plaintiff was then escorted to Defendant Skamarycz's vehicle and seated in the backseat.

48. Defendant Skamarycz then began driving Plaintiff to the Hart County Jail.

49. While in transit, Plaintiff informed Defendant Skamarycz that she was having a panic attack.

50. Defendant Skamarycz did not stop to provide aid, and instead informed Plaintiff that EMS would be available at Hart County Jail.

51. Upon arriving at Hart County Jail, Plaintiff was visibly upset and began experiencing what appeared to be a panic attack.

52. Defendant Skamarycz continued to complete the intake process and at this point read Plaintiff her Miranda rights.

53. Plaintiff was then provided medical treatment by EMS before being admitted to the Hart County Jail.

54. Plaintiff's belongings were taken by the Hartwell Police Department and her car was impounded.

55. Defendants lacked probable cause to arrest Plaintiff.

56. Defendants lacked arguable probable cause to arrest Plaintiff.

57. Defendants arrested Plaintiff without an arrest warrant and without probable cause.

58. Defendants seized Plaintiff's vehicle without a warrant and without probable cause.

59. The charges against Plaintiff related to obstruction of justice were dismissed August 17, 2021, due to lack of probable cause.

60. The charges against Plaintiff related to lack of insurance for her vehicle were dismissed August 17, 2021, due to lack of probable cause.

61. The charges against Plaintiff related to failing to stop at a stop sign were dismissed August 17, 2021, due to lack of probable cause.

## Count One – False Arrest – 42 U.S.C. § 1983 and the First and Fourth Amendments (All Defendants)

62. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if stated herein verbatim.

63. At all times relevant to this Complaint, Defendants were acting under color of law.

64. No reasonable officer in Defendants' position could have believed that there was probable cause or even arguable probable cause to arrest Plaintiff on July 18, 2021.

65. Plaintiff's arrest was predicated solely on Defendants' refusal to accept valid proof of insurance and Plaintiff's assertion of her rights under the First, Fourth, and Fifth Amendments to the United States Constitution.

66. Defendants arrested Plaintiff without a warrant, without probable cause, or even arguable probable cause, to believe she had committed a crime.

67. Defendants arrested Plaintiff despite the presence of documentation that would have confirmed the legality of Plaintiff's behavior.

68. The arrest and detention of an individual without any probable cause is in violation of clearly established rights.

69. Defendants, in arresting Plaintiff, acted with actual malice towards them because she had asserted the rights afforded them by the United States Constitution.

70. On or about August 17, 2021, Hart County and the State of Georgia dismissed all charges against Plaintiff arising from the July 18, 2021, incident due to lack of probable cause.

71. The dismissal of the aforementioned charges was explicitly predicated on lack of probable cause.

**Count Two – False Imprisonment – 42 U.S.C. § 1983 – Fourth Amendment (Defendant Skamarycz Only)**

72. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if set forth herein verbatim.

73. On July 18, 2021, Defendant Skamarycz unlawfully detained Plaintiff for a period of time in the Hart County Jail, depriving Plaintiff of her personal liberty.

74. The detention of Plaintiff was not pursuant to any warrant.

75. The detention of Plaintiff was not pursuant to any probable cause or even arguable probable cause that Plaintiff had committed any crime.

76. The detention of Plaintiff was predicated solely on the improper actions of Defendant Skamarycz during the course of the relevant traffic stop.

77. As a result of this imprisonment, Plaintiff incurred monetary damages.

78. On or about August 17, 2021, Hart County and the State of Georgia dismissed all charges against Plaintiff arising from the July 18, 2021, incident.

79. The dismissal of the aforementioned charges was explicitly predicated on lack of probable cause.

## Count Three – Seizure of Property-42 U.S.C. § 1983 and Fourth Amendment (All Defendants)

80. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if stated herein verbatim.

81. On July 18, 2021, Defendants arrested Plaintiff without probable cause.

82. The circumstances show that no reasonable person would have had any grounds for arresting Plaintiff except for Defendants' desire to harm Plaintiff on July 18, 2021.

83. Following Plaintiff's arrest, Defendants had Plaintiff's vehicle impounded.

84. Defendants improperly claimed that the vehicle was being operated in an illegal fashion without valid insurance.

85. The impoundment of the vehicle was based on Defendants' refusal to accept Plaintiff's valid proof of insurance for the vehicle.

86. As a result of Defendants' actions, Plaintiff incurred monetary losses related to recovering her property.

87. On or about August 17, 2021, Hart County and the State of Georgia dismissed all charges against Plaintiff arising from the July 18, 2021, incident.

88. The dismissal of the aforementioned charges was explicitly predicated on lack of probable cause.

89. On July 26, 2023, Hart County reimbursed Plaintiff for the towing and subsequent impoundment of her vehicle.

**Count Four – State Law False Arrest – O.C.G.A. §51-7-1 (All Defendants)**

90. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if stated herein verbatim.

91. At all times relevant to this Complain, Defendants were acting under color of law.

92. No reasonable officer in Defendants' position could have believed that there was probable cause or even arguable probable cause to arrest Plaintiff on July 18, 2021.

93. Plaintiff's arrest was predicated solely on Defendants' failing to accept proper proof of insurance and Plaintiff's assertion of her rights under state law.

94. Defendants arrested Plaintiff without a warrant, without probable cause, or even arguable probable cause, to believe she had committed a crime.

95. Defendants arrested Plaintiff despite the presence of documentation that would have confirmed the legality of Plaintiff's behavior.

96. The arrest and detention of an individual without any probable cause is in violation of O.C.G.A. §51-7-1.

97. On or about August 17, 2021, Hart County and the State of Georgia dismissed all charges against Plaintiff arising from the July 18, 2021, incident.

98. The dismissal of the aforementioned charges was explicitly predicated on lack of probable cause.

### Count Five – State Law False Imprisonment – O.C.G.A. §51-7-20

### (Defendant Skamarycz)

99. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth herein verbatim.

100. On July 18, 2021, Defendant Skamarycz unlawfully detained Plaintiff for a period of time in the Hart County Jail, depriving Plaintiff of her personal liberty.

101. The detention of Plaintiff was not pursuant to any warrant.

102. The detention of Plaintiff was not pursuant to any probable cause or even arguable probable cause that Plaintiff had committed any crime.

103. The detention of Plaintiff was predicated solely on the improper actions of Defendant Skamarycz during the course of the relevant traffic stop.

104. Defendant Skamarycz's actions were in violation of O.C.G.A. §51-7-20.

105. As a result of this imprisonment, Plaintiff incurred monetary damages related to payment of the fines associated with the aforementioned charges.

106. On or about August 17, 2021, Hart County and the State of Georgia dismissed all charges against Plaintiff arising from the July 18, 2021, incident.

107. The dismissal of the aforementioned charges was explicitly predicated on lack of probable cause.

**WHEREFORE**, Plaintiff prays:

A.  That all special and general damages be awarded to Plaintiff in an amount shown by the evidence and determined by the enlightened conscious of the jury;

B.  That punitive damages be awarded against Defendants when allowable by law in an amount to be determined by the enlightened conscious of the jury to punish these Defendants and deter Defendants and others from similar misconduct in the future;

C.  That a trial by jury be had on all issues permitted;

D.  That attorneys' fees and expenses of litigation be awarded as authorized under the law;

E.  Such other further equitable or monetary relief as the Court deems just and proper.

Dated:      July 17, 2023.

        **HALL & LAMPROS, LLP**

        */s/ Andrew Lampros*
        Andrew Lampros
        Ga. Bar #432328

300 Galleria Parkway SE
Suite 300
Atlanta, GA 30339
Tel.: (404) 876-8100
Fax: (404) 876-3477
alampros@hallandlampros.com

*Attorney for Plaintiff*